**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4106**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARQUIS DEMETRIUS ROGERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:19-cr-00068-FL-1)

Submitted:  November 17, 2022                     Decided:  November 22, 2022

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquis Demetrius Rogers pleaded guilty to possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court varied upward from Rogers' advisory Sentencing Guidelines range of 46 to 57 months' imprisonment and sentenced him to 87 months' imprisonment.  The court also imposed a three-year term of supervised release.  Rogers appealed, and the Government moved to remand because of an error in the supervised release aspect of Rogers' sentence.  We granted the Government's motion, vacated the criminal judgment, and remanded to the district court.  On remand, the district court conducted a resentencing hearing and imposed the same upward-variant 87-month sentence of imprisonment.

Rogers now appeals from the amended criminal judgment entered on remand. Rogers argues that his 87-month sentence is both procedurally and substantively unreasonable.  As to procedural reasonableness, Rogers asserts that the district court *departed* upward based on erroneous facts and that the court did not sufficiently address his arguments for a lesser sentence.  As for substantive reasonableness, Rogers summarily contends that the 87-month sentence is greater than necessary under the 18 U.S.C. § 3553(a) factors.  For the reasons stated below, we reject Rogers' challenges to his sentence and affirm the amended criminal judgment.

"We review the reasonableness of a sentence under . . . § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th

2

Cir. 2020) (cleaned up). In performing that review, we first evaluate procedural reasonableness, "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Nance*, 957 F.3d at 212. Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). In reviewing an upward-variant sentence for substantive reasonableness, "we must consider the extent of the variance from the [Guidelines] range, [but] the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 2798 (2022). "[V]ariant sentences are generally [substantively] reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *Id.* (internal quotation marks omitted).

Starting, as we must, with the procedural reasonableness of Rogers' 87-month sentence, Rogers contends that the district court committed two procedural errors: (1) departing upward based on erroneous facts, and (2) failing to adequately address his

3

arguments for a lesser sentence. As to Rogers' first contention, we observe that the district court varied upward and did not depart upward. In any event, the district court's sentencing explanation did not rely on the allegedly erroneous facts that Rogers identifies in his opening brief, i.e., that Rogers discharged a firearm during the instant offense or owned firearms other than the one underlying this offense. As for Rogers' second contention, he complains that the district court did not adequately address his claims that he possessed a firearm to protect himself in a bad neighborhood and that he has a drinking problem, which may have contributed to some of his conduct on the evening of the offense. But the district court responded to both of those claims during the sentencing hearing. For example, the district court explained that Rogers was not allowed to possess a gun regardless of his presence in a bad neighborhood and that Rogers' drinking problem perhaps weighed against him because it made his possession of a firearm all the more dangerous. The district court also acknowledged Rogers' drinking problem by recommending him for an alcohol addiction program while incarcerated. We therefore reject Rogers' challenges to the procedural reasonableness of his sentence.

We also conclude that Rogers' 87-month sentence is substantively reasonable under the § 3553(a) factors.[*] The district court reasonably found that Rogers is a danger to the

---

[*] Rogers has likely abandoned his challenge to the substantive reasonableness of his sentence. *See* Fed. R. App. P. 28(a)(8)(A) (requiring that an opening brief contain an argument section setting forth the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Hensley ex rel. N.C. v. Price*, 876 F.3d 573, 580 n.5 (4th Cir. 2017) (explaining abandonment rule in relation to Rule 28(a)(8)(A) and emphasizing that it is not an appellate court's "job to

public based on the circumstances of the instant offense—Rogers possessed a gun while drunk and, after his arrest, told police he intended to kill another—and his prior criminal history, which includes convictions for robbery with a dangerous weapon, armed bank robbery, and discharging a firearm in relation to a crime of violence.  The district court also properly stressed that Rogers' previous state and federal prison sentences had not deterred him from committing this offense.   Additionally, the district court was appropriately concerned that the sentence should promote respect for the law and discourage others from engaging in similar conduct.  We therefore conclude that Rogers' upward-variant sentence is substantively reasonable.  *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Accordingly, we affirm the amended criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

wade through the record and make arguments for either party" (internal quotation marks omitted)).  We will nevertheless review this challenge.

5